8  UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | MAURICE R. ATKINSON,              No. 2:19-cv-01084 MCE AC (PS)

12 |     Plaintiff,

13 |   v.                              ORDER

14 | WINDSOR EL CAMINO and HEALTH CARE SERVICES GROUP,

15

16 |     Defendants.

17

18     Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the

19 undersigned by Local Civil Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in

20 forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C.

21 § 1915(a)(1). The motion to proceed IFP will therefore be granted.

22                                 I. SCREENING

23     The federal IFP statute requires federal courts to dismiss a case if the action is legally

24 "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

25 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

26 Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

27 the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

28 The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
Iqbal, 556 U.S. at 678.

Moreover, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case"). The court must dismiss the case *sua sponte* if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are liberally construed. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

On June 13, 2019, plaintiff, who has a California address, filed a form complaint against two entities: Windsor El Camino and Healthcare Services Group. ECF No. 1. It is not entirely clear from the complaint what plaintiff's relationship is to these entities, but it appears that at least one of them was his employer at some point. Plaintiff lists California addresses for both defendants. Id. at 2. As the basis for this court's jurisdiction, plaintiff selected the box for federal question jurisdiction. Id. at 3. In the space to list the federal statutes or provisions at issue, plaintiff wrote: "Civil Harassment, Discrimination, Retailiation [sic], Racketeering Corrupt Organizations." Id. at 4. For his statement of the claim, plaintiff wrote: "Breach of Contract, Discrimination, Harassment, and retailiation [sic]. Plaintiff is seeking compensatory damages from Defendants . . . ." Id. at 5.

In addition to this court's form complaint, plaintiff also includes a California state court form complaint asserting causes of action for breach of contract, slander, invasion of privacy, negligence, and intentional infliction of emotional distress. Id. at 7-15. As far as the court can glean from this document, in March 2016 plaintiff and one or both defendants entered a written "fire at will" employment contract, which contained an arbitration clause, and which plaintiff believes is unenforceable for various reasons. Id. at 9, 10, 15. In his breach of contract claims, plaintiff states that he is seeking compensatory damages for "discrimination and sexual harassment and retaliation," and alleges that the contract is "unjust" because it allowed "employees and employers to discriminate, sexually harass, and retaliate" against him. Id. at 9-10. In his slander claim, plaintiff asserts that Windsor El Camino published a false statement on social media that plaintiff has AIDS and conspired with a third party to give him HPV. Id. at 11. In his other tort claims, plaintiff alleges that Windsor has been "phone stalking" him, spying on him, and "harassing [him] inside and outside work" to find out whether he is gay. Id. at 12-14. Plaintiff indicates that he is seeking $250 million in damages. Id. at 8.

B. Analysis

The complaint does not comply with Federal Rules 8(a)(1) or 8(a)(2) because it does not contain a "short and plain" statement setting forth (1) the basis for federal jurisdiction, or (2) plaintiff's entitlement to relief.

*1. The complaint does not establish this court's jurisdiction*

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. See Morongo, 858 F.2d at 1380.

As mentioned above, federal jurisdiction may be established in one of two ways. First, jurisdiction may be established by showing that the plaintiff does not share a common state of citizenship with any defendants (i.e., they are "diverse") and that the amount in controversy is over $75,000. 28 U.S.C. § 1332. Plaintiff does not assert this basis of jurisdiction, nor does it seem he could establish it because both he and the defendants are from California. ECF No. 1 at 2. Second, what is known as "federal question" jurisdiction may be established by bringing a claim based on federal law. 28 U.S.C. § 1331. The complaint does not clearly identify any specific federal law that plaintiff believes defendants have violated. Without a cognizable federal claim, this court is unable to hear plaintiff's claims arising under state law (i.e., his breach of contract and tort claims).

*2. The complaint does not contain a short and plain statement of the claim*

Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. at 554, 562-63 (internal quotation marks and citation omitted). The exact nature of what happened to plaintiff is obscured by the complaint's disjointed and generalized allegations. Despite the assertion of several state law causes of action, the court cannot tell from examining the complaint what legal wrong was done to plaintiff, by whom and when, or why he might be entitled to the relief he seeks.

To the extent plaintiff is attempting to assert a federal cause of action in this complaint, he has not successfully done so. The complaint suggests that plaintiff believes he has experienced some form of discrimination, sexual harassment, and/or retaliation by his employer. Such claims could be brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. As relevant to plaintiff's potential employment discrimination claim, Title VII prohibits employers from discriminating against employees on the basis of "race, color, religion, sex, or national origin." See 42 U.S.C. § 2000e–2(a). To establish a prima facie case of disparate treatment discrimination under Title VII, a plaintiff must show that he (1) is a member of a protected class; (2) was qualified for and was performing his job satisfactorily; (3) experienced an adverse employment action; and that (4) similarly situated persons outside his protected class were treated

5

more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1156 (9th Cir. 2010).

As relevant to plaintiff's potential sexual harassment claim, the creation of a "hostile work environment" through harassment is another form of prohibited discrimination under Title VII. Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64–65 (1986). "A hostile work environment claim involves a workplace atmosphere so discriminatory and abusive that it unreasonably interferes with the job performance of those harassed." Brooks v. City of San Mateo, 229 F.3d 917, 923 (2000). "To prevail on a hostile workplace claim premised on . . . sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a . . . sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." Vasquez v. City of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003), as amended (Jan. 2, 2004). "The working environment must both subjectively and objectively be perceived as abusive." Brooks, 229 F.3d at 923-24 (noting frequency, severity, and level of interference with work performance as factors "particularly relevant to the inquiry").

As relevant to plaintiff's potential retaliation claim, Title VII also prohibits retaliation by an employer "against an employee for making a charge or otherwise participating in a Title VII proceeding." Nilsson v. City of Mesa, 503 F.3d 947, 953 (9th Cir. 2007); see 42 U.S.C. § 2000e-3(a) (making it unlawful to discriminate against an employee because he has opposed any practice made an unlawful employment practice by Title VII, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII). In order to state a claim for retaliation under Title VII, a plaintiff must allege (1) that he engaged in a protected activity, (2) that he suffered an adverse employment action, and (3) that there was a causal link between his protected activity and the adverse employment action. Poland v. Chertoff, 494 F.3d 1174, 1179–80 (9th Cir. 2007).

////

In his complaint, plaintiff also seems to refer to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. To state a civil claim under RICO, a plaintiff must allege the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005) (citations and quotation marks omitted); see also Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 644 (9th Cir. 1995). To establish a pattern of racketeering activity, plaintiff must plead at least two related and continuous predicate acts that amount to or pose a threat of continued criminal activity. See Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995); see also H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 240 (1989).

Plaintiff has failed to allege facts sufficient to state a claim for the above described federal causes of action, or any other provision of federal law. In addition, because the parties share California as a common state of citizenship, without a cognizable federal cause of action, the complaint fails to establish this court's jurisdiction. Rather than recommending dismissal of the action, however, the undersigned will provide plaintiff an opportunity to amend his complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action or causes of action.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). Plaintiff should provide a single complaint, and he should not use the California state court complaint form.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what

happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. You have not alleged facts supporting any specific federal cause of action, and because you and the defendants are all from California, this court cannot hear your case unless you adequately state a claim arising under federal law. Further, the court cannot tell from your complaint what harm was done to you by which defendant. Because of these issues, the complaint will not be served on the defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

////

8

You are being given 30 days to submit an amended complaint that addresses these issues. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell whether it has the power to hear your case, or whether you may be entitled to relief. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of entry of this order to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: July 29, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9